COLONIAL LAND & LOAN CO. v. JOPLIN.
(No. 7256.)

(Court of Civil Appeals of Texas. Galveston. March 9, 1916. Rehearing Denied March 23, 1916.)

1. STIPULATIONS ☞18(1)—EFFECT.
Where the mortgagee of a nursery company secured a money judgment, with a foreclosure of its lien upon the land, providing that an order of sale would issue, in course of the nursery company's receivership, commanding the property to be sold on execution subject to approval of the court, and such mortgagee's assignee stipulated in court, as recited in the order of sale of the property, that the title to the nursery stock should not pass with the sale of the land, and acquiesced in the order of the court that the sale of the land should be made subject to the right of the receiver or his assignees to remove the stock, such assignee, after sale of the land to itself, could not enjoin the sale or removal of such stock.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 41, 45, 47, 54; Dec. Dig. ☞ 18(1).]

2. INJUNCTION ☞7 — FORECLOSURE — ASSIGNEE OF JUDGMENT—REMEDY BY APPEAL.
Where the assignee of a foreclosure judgment against a nursery company in the hands of a receiver was not satisfied with the terms of the order of sale requiring the land and nursery stock to be sold separately and denying its right of lien upon the stock, its remedy was to appeal, and not to buy in the land and then seek to enjoin the receiver from selling or removing the stock.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 6, 34; Dec. Dig. ☞7.]

3. MORTGAGES ☞133 — EXTENT OF LIEN — NURSERY STOCK.
Whether nursery stock, prima facie a part of the realty, is subject to the lien of a mortgagee of the land depends upon the intention of the parties at the time the mortgage was executed.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 260, 264, 265; Dec. Dig. ☞133.]

4. MORTGAGES ☞133 — EXTENT OF LIEN — NURSERY STOCK—INTENTION.
Where a nursery company mortgaged its land, if it was contemplated by the parties that the company should have the right each year to sell the nursery stock without accounting to the mortgagee for the proceeds, and such right was exercised by the company, it was the intention of the parties that the nursery stock was to be regarded as personalty not subject to the mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 260, 264, 265; Dec. Dig. ☞133.]

5. MORTGAGES ☞133—PROPERTY COVERED— CROPS.
Crops grown upon land covered by a mortgage are personal property of the mortgagor, and not subject to the mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 260, 264, 265; Dec. Dig. ☞133.]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by the Colonial Land & Loan Company against Paul W. Joplin, receiver. From an order refusing an application for temporary injunction, plaintiff appeals. Affirmed.

Bryan & Bryan, of Houston, for appellant. Sam, Bradley & Fogle, of Houston, for appellee.

PLEASANTS, C. J. This appeal is from an order of the judge of the Eleventh judicial district, refusing an application for temporary injunction in a suit for injunction brought by appellant against the appellee. The facts upon which the injunction was sought are as follows: The property of the Alvin Japanese Nursery Company, a private corporation, was placed in the hands of a receiver in September, 1914, and its business as the owner and seller of nursery stock, consisting of fruit trees, ornamental trees, shrubs, vines, etc., and its business as the grower of an orange orchard was continued under the orders of the court by the receiver. On March 31, 1915, the Lumberman's National Bank of Houston, Tex., intervened in the case, and asked for a foreclosure of certain deeds of trust liens, the first of which had been given in 1909, and the second, which was but in effect an extension of time of the first indebtedness, was given in 1914, and both deeds of trust covered that portion of the land owned by the Nursery Company upon which it had and was growing its said nursery stock. On June 2, 1915, the court entered a judgment in favor of the bank for $29,225.72, with 10 per cent. interest per annum thereon from date, together with a foreclosure of said liens upon the land, and providing that an order of sale would issue in due course of the receivership, commanding that said property be seized and sold under execution subject to the approval of the court. On July 5, 1915, the bank sold and assigned its said judgment to the appellant, Colonial Land & Loan Company, which company, on October 13, 1915, intervened in

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the case, and on the 23d of October, 1915, filed a motion asking that the court order a sale of the property covered by its judgment lien, and the court thereupon appointed commissioners to sell all of the property of the nursery company at private sale and report the same to the court. The appellant, having been the only bidder at private sale, and its bid having been reported to the court, a hearing was had thereon, and on the 10th day of December, 1915, the court refused to confirm the bid, and ordered the land, exclusive of the nursery stock, sold at public sale by the commissioners on the first Tuesday in January, 1916, subject to the approval of the court. On December 13, 1915, the court filed its conclusions of fact and law with reference to the nursery stock, a copy of which findings is attached to the appellant's petition and injunction herein, and marked "Exhibit A," in which the court found that, from the facts, the nursery stock was not a part of the realty, but was personal property, and not subject to appellant's deeds of trust liens. Afterwards the land, exclusive of the nursery stock, was offered at public sale, on the first Tuesday in January, 1916, and the only bid made for the land, exclusive of the nursery stock, was that of the appellant, and afterwards, upon the hearing of the confirmation of this sale, at the suggestion of the court, the appellant made an additional bid or raise on its bid, and the court confirmed the sale and ordered a deed made to appellant for the land. After crediting appellant's judgment indebtedness with the amount bid for the land, there was a balance due appellant of something over $10,000 on its judgment. At the sale of the land in January, in addition to its bid for the land, appellant bid the further sum of $14,000 for the nursery stock, the amount of said bid to be credited with the balance due on appellant's judgment after crediting said judgment with the amount bid for the land. This bid of appellant for the nursery stock was not recommended for confirmation by the master in chancery, to whom the report of sales was referred, for the reason, as stated in his report, "that it was unnecessary for him to pass upon it, as it did not appear to be regular or in conformity with the court's order of sale"; but the master found that the value of the nursery stock was $20,000. The court rejected appellant's bid for the nursery stock. The order of December 10th, before referred to, by which the court refused to confirm the first sale of all of the property and ordered the sale of the land and the nursery stock to be made separately, contains the following recitals:

"The Colonial Land & Loan Company, without waiving its claim that the said nursery stock is now subject to its lien, and that by reason thereof it has the right to follow the proceeds of the sale of such stock, having stipulated in open court that the status of such nursery stock (as to whether it is subject to such lien) shall not be held to be affected by a sale of said land upon which said nursery stock is situated prior to a sale, or severance of such nursery stock—that is, that the nursery stock on the land at date of sale will not pass by sale of the land because of the fact that the stock was on the land at date of sale, in this connection—it is further ordered that the sale of the lands upon which the nursery stock is situated shall be made subject to the right of the receiver or his assigns to remove the nursery stock at any time prior to March 1, 1916."

To the action of the court in holding the nursery stock as being personal property and not subject to its mortgage lien, the Colonial Land & Loan Company excepts, and to all of which the Citizens' State Bank of Alvin, Tex., excepts. After the confirmation of the sale of the land and the refusal of the court to confirm appellant's bid for the nursery stock, it filed this suit for an injunction to restrain the receiver from selling or removing the nursery stock. In addition to the facts before set out, the petition alleges (and it is an admitted fact) that the nursery company is insolvent, and unless appellant subjects the nursery stock to the payment of the balance due upon its judgment, it will lose said balance.

[1] In his order refusing the application for injunction the trial judge states that the injunction was refused because he was of opinion that the nursery stock was not a part of the realty, and therefore not subject to appellant's lien, but that if it could be considered a part of the realty the injunction should be granted. We think it clear that the injunction was properly refused, regardless of the question of whether appellant has a lien on the nursery stock to secure the payment of the balance of its judgment. The agreement of appellant, recited in the order of sale, before set out, that the title to the nursery stock should not pass by the sale of the land, and its acquiescence in the order of the court "that the sale of the land upon which the nursery stock is situated shall be made subject to the right of the receiver or his assigns to remove the nursery stock at any time prior to March 1, 1916," is a complete answer to appellant's claim of a right to enjoin the sale or removal of the nursery stock.

[2] Appellant cannot claim that the title to the nursery stock passed to it by its purchase of the land under the terms of the order of sale before set out. The only right that it preserved to itself in said order was the right to assert the claim that the proceeds of the sale of the nursery stock should be subjected to its lien, and it cannot, in violation of the terms of the order under which it purchased the land, enjoin the sale and removal of the nursery stock. If appellant was not satisfied with the terms of the order of sale, which required the land and nursery stock to be sold separately and denied its claim of lien upon the nursery stock, it should have appealed therefrom. Having acquiesced in the order of sale, it is

bound by its terms, and the receiver cannot be enjoined from selling or removing the nursery stock.

[3] This conclusion will require the affirmance of the order of the trial judge, and this opinion could properly end here. In view, however, of the fact that when the nursery stock has been sold appellant is not precluded from asserting its claim of lien upon the proceeds of such sale, we deem it proper to say that, in our opinion, the question of whether the nursery stock on the land is subject to appellant's lien depends upon the intention of the parties at the time the trust deed was executed. The rule is stated by Jones in the Law on Mortgages of Real Property ([5th Ed.] vol. 1, page 35) as follows:

"Trees and shrubs planted in a nursery garden for the temporary purpose of cultivation and growth until they are fit for market, and then to be taken up and sold, pass by a mortgage of the land, so that neither the mortgagor nor his assigns or creditors can remove them as personal property. One claiming that trees and shrubs, whether growing naturally, or planted and cultivated for any purpose, are not part of the realty must show special circumstances which take the particular case out of the general rule; he must show that the parties intended that they should be regarded as personal chattels. The mere fact that the trees and shrubs were the stock in trade of the mortgagor in his business as a nursery gardener is insufficient for this purpose. They are prima facie parcel of the land, unless specially excepted, and in the same way, unless specially excepted, pass to a mortgagee. Although planted by the mortgagor after the execution of the mortgage, they become a part of the realty and part of the mortgage security."

[4] If the evidence justifies the conclusion that at the time the mortgage was executed it was contemplated by the parties that the mortgagor should have the right each year to sell the nursery stock without accounting to the mortgagee for the proceeds of such sales, and that this right has been exercised by the mortgagor continuously since the execution of the mortgage, we think it should be held that it was the intention of the parties that the nursery stock placed or grown on the land was to be regarded as personal property, and not subject to the mortgage. Hutchins v. Masterson, 46 Tex. 551, 26 Am. Rep. 286.

[5] It is a settled rule of decision in this state that crops grown upon land covered by a mortgage are personal property of the mortgagor, and not subject to the mortgage. Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284.

While under the general rule above quoted nursery stock is prima facie a part of the realty, when the circumstances in the particular case show it was the intention of the parties to the mortgage that it should be regarded as personal property, it is not any more subject to the mortgage on the land than would be a growing crop.

In accordance with the conclusions before expressed the judgment of the court below is affirmed.

Affirmed.